■ Frederick F. Lebschi, Jr., Respondent, v. Pennsylvania Railroad, Appellant.— Determination of the Appellate Term, entered on or about September 18, 1969, reversing a judgment of the Civil Court, which dismissed the complaint in this personal injury action, reversed on the law, without costs and without disbursements, and judgment of the Civil Court reinstated. Plaintiff failed to sustain the burden of proof imposed upon him by law to prove, by a fair preponderance of the credible evidence, that the defendant was in any way negligent and that such negligence was the proximate cause of the accident which resulted in plaintiff's injury. In addition, plaintiff failed to establish his own freedom from contributory negligence. The danger of which plaintiff complains was known to him and he completely failed to take precautions which a reasonable person would have taken under the circumstances disclosed by the record. Concur — Capozzoli, J. P., McGivern, Markewich and Steuer, JJ.; Nunez, J., dissents in the following memorandum: I agree with the Appellate Term majority that the evidence presented questions of fact for determination by the jury. My brethren are reversing and dismissing the complaint in this personal injury case because plaintiff failed to establish (1) defendant's negligence and (2) his own freedom from contributory negligence. The Trial Judge dismissed the complaint on the sole ground of plaintiff's contributory negligence. He said: "Under the prevailing law, even a little contributory negligence, like pregnancy, must determine the issue. For this reason, defendant's motion to dismiss the complaint is granted." The dissenting Justice in the Appellate Term likewise conceded that plaintiff had

adduced sufficient evidence to put in issue defendant's negligence but agreed with the Trial Judge, in a strained and in part erroneous analysis of the evidence, that plaintiff was contributorily negligent as a matter of law. Instead of holding this truck driver only to the ordinary care of the traditional reasonably prudent man, he is being turned out of court for his failure to exercise the greatest prudence and the best judgment. It is neither realistic nor just to deviate from the " prudent man " rule and to arbitrarily hold that plaintiff should have removed *all* the grease from his shoe before continuing his work. He testified that he wiped his shoe along the ground and that he thought he had removed all the grease from his shoe. Clearly whether he used the necessary care under the circumstances and whether he acted prudently was for the jury to decide. If truck drivers interrupted their daily tasks to comply with the requirements set down by the majority herein, they might preserve their right to submit their injury claims to a jury but in so doing would most assuredly forfeit their jobs. The determination of the Appellate Term should be affirmed.